United States Bankruptcy Court
Middle District of Florida

In re:                                                             Case No. 12-14522-CPM
Sandra Corrine Porto                                               Chapter 7
     Debtor

## CERTIFICATE OF NOTICE

District/off: 113A-8          User: lewisb              Page 1 of 2              Date Rcvd: Feb 12, 2013
                              Form ID: B18             Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 14, 2013.
db           +Sandra Corrine Porto,    106 Forest Breeze Ave.,    Brandon, FL 33511-3000
22541809     +Bankfirst/BB & T,    Attention: Bankruptcy,    Po Box 1847,    Wilson, NC 27894-1847

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr           +EDI: QAESPOSITO.COM Feb 13 2013 00:13:00      Angela Welch Esposito,    12157 West Linebaugh Avenue,
               PMB 401,    Tampa, FL 33626-1732
cr            EDI: HNDA.COM Feb 13 2013 00:13:00      American Honda Finance Corporation,
               National Bankruptcy Center,    P.O. Box 168088,    Irving, TX 75016-8088
22541807      EDI: HNDA.COM Feb 13 2013 00:13:00      American Honda Finance,    1235 Old Alpharetta Rd,
               Alpharetta, GA 30005
22541808     +EDI: BANKAMER2.COM Feb 13 2013 00:13:00      Bank Of America,    Po Box 1598,
               Norfolk, VA 23501-1598
22541811      EDI: WFFC.COM Feb 13 2013 00:13:00      Wells Fargo,    PO Box 14411,    Des Moines, IA 50306-3411
                                                                                              TOTAL: 5

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 14, 2013**                    **Signature:**     _Joseph Speetjens_

```
District/off: 113A-8           User: lewisb              Page 2 of 2              Date Rcvd: Feb 12, 2013
                               Form ID: B18              Total Noticed: 7
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 12, 2013 at the address(es) listed below:
          Angela Welch Esposito   awesposito@verizon.net, aesposito@ecf.epiqsystems.com
          Pedro W Rodriguez   on behalf of Debtor Sandra Porto pwr@pwresq.com, pedro@pwresq.com
          United States Trustee - TPA7   USTPRegion21.TP.ECF@USDOJ.GOV
                                                                                                           TOTAL: 3

Form B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

Middle District of Florida

Case No. 8:12−bk−14522−CPM

**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Sandra Corrine Porto
   106 Forest Breeze Ave.
   Brandon, FL 33511

Social Security No.:
   xxx−xx−1548

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: February 12, 2013

_____
Catherine Peek McEwen
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (12/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7 , the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**